**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**SAMUEL JAMES WEAVER,**<br><br>**Defendant** | NO. 5: 06-CR-104 (WDO)<br><br>**VIOLATION(S): Drug Related** |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Ms. Althea L. Buafo of the Macon Bar; the United States was represented by Assistant U. S. Attorney Jennifer Kolman. Based upon the evidence proffered to the court by counsel for the government and the contents of the Pretrial Service Report dated, as well as comments of both counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case, noting that defendant WEAVER does not contest pretrial detention.

### PART I - FINDINGS OF FACT

☒ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

　☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

　☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office, E. D. Tennessee, dated November 16, 2006, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of this defendant and the safety of the community were he to be released from custody at this time. The offense charged against the defendant is a serious one for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty; his estimated guideline sentencing range is 63 months to 78 months in prison. The weight of evidence is strong; defendant WEAVER was arrested following a traffic stop on I-75, and 999.05 grams of cocaine was found in his possession.

The defendant is a long-time resident of the Eastern District of Tennessee and has no ties to the Middle District of Georgia; at the time of his arrest, he was gainfully employed. Defendant WEAVER has an arrest and conviction record dating back to 1991. He has five prior arrests on drug related charges resulting in two misdemeanor convictions. He also has three prior arrests on assault/terroristic threat charges resulting in one misdemeanor conviction. He has a history of drug usage including use of cocaine and marijuana.

For the foregoing reasons, pretrial detention is mandated and is SO ORDERED AND DIRECTED.

### PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 5th day of JANUARY, 2007.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE